UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PERDOMO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN MUNTEZ, et al.,<br><br>　　　　Defendants. | Case No. 17-06962 BLF (PR)<br><br>**ORDER DENYING MOTION TO COMPEL AND FOR SANCTIONS AS MOOT**<br><br><br>(Docket No. 51) |

　　　Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The amended complaint is the operative complaint in this action. Dkt. No. 23-1. The Court found the amended complaint stated a cognizable claim under the Eighth Amendment against Warden Muniz, Chief Deputy Warden R. Binkele, and Correctional Administrator E. Borla, and ordered Defendants to file a motion for summary judgment or other dispositive motion. Dkt. No. 26. Defendants filed a motion for summary judgment, Dkt. No. 42, which became fully briefed on April 14, 2020. Dkt. Nos. 47, 50.

　　　On February 20, 2020, Plaintiff propounded discovery relevant to the issues raised in the Motion for Summary Judgment. Dkt. Nos. 45, 46. Although the responses were not due until after Plaintiff's opposition was filed, Plaintiff later filed a motion for compliance of discovery and for sanctions in the form of outright dismissal of Defendants' summary judgment motion. Dkt. No. 51. Plaintiff claims that he and Defendants had agreed to a

new discovery response deadline of April 22, 2020, as memorialized by Defendants' letter dated March 27, 2020. *Id.* at 5. Plaintiff asserts that rather than comply with discovery, Defendants filed a reply to their summary judgment motion on April 13, 2020, thereby "completely abandon[ing] the production of discovery." *Id.* at 1. It appears that Defendants responded to all outstanding discovery on April 22, 2020. Hasan Decl. ¶ 22, Ex. B. Plaintiff acknowledges that he received the responses but claims that he had inadequate time to review the materials in order to oppose the summary judgment motion. Dkt. No. 53.

The Court has granted in part and denied in part Defendants' summary judgment in a separate order and referred the matter to settlement proceedings. Accordingly, Plaintiff's motion is **DENIED** as moot.

However, Plaintiff is advised that he may continue to conduct discovery to obtain the names of "Plumber(s) Doe 1-5" who were dismissed without prejudice at the outset of this action. Dkt. No. 26 at 3. If he is able to identify these unknown defendants, he may motion the Court for leave to amend to name them and issue summons upon them. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover their identifies or that the complaint should be dismissed on other grounds); *also Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003) (district court has discretion to permit plaintiff to substitute named individuals for Doe defendants where he did not seek leave to amend to do so).

This order terminates Docket No. 51.

**IT IS SO ORDERED.**

Dated: _August 24, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion as Moot
PRO-SE\BLF\CR.17\06962Perdomo_deny.mot.to.compel(moot)

2